1   MELINDA HAAG (CABN 132612)
    United States Attorney
2
    MIRANDA KANE (CABN 150630)
3   Chief, Criminal Division

4   JONATHAN SCHMIDT (CABN 230646)
    Assistant United States Attorney
5       450 Golden Gate Ave., Box 36055
        San Francisco, California 94102
6       Telephone: (415) 436-7200
        Fax: (415) 436-7234
7       E-Mail: jonathan.schmidt@usdoj.gov

8   Attorneys for Plaintiff

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11                        SAN FRANCISCO DIVISION

12

13
    UNITED STATES OF AMERICA,          )    No. CR 11-00009 JSW
14                                      )
            Plaintiff,                   )    UNITED STATES' MEMORANDUM RE:
15                                      )    SECOND AMENDED PRESENTENCE
        v.                              )    INVESTIGATION REPORT
16                                      )
    JASPER KNABB,                       )    Date: June 7, 2012
17                                      )
            Defendant.                   )    Time: 2:00 p.m.
18   _____ )

19

20          On May 23, 2012, the Probation Office submitted a Second Amended Presentence

21   Investigation Report, which increased the adjusted offense level by two points for obstructing or

22   impeding the administration of justice under U.S.S.G. § 3C1.1, because of the defendant's failure

23   to provide accurate financial disclosures.[1]

24          The United States agrees that a failure to provide accurate financial disclosures is obstruction

25   of justice.  Application Note 4(H) to U.S.S.G. § 3C1.1 cites "providing materially false

26   _____

27          [1]  By providing this briefing to the Court, the government neither, expressly nor impliedly
    repudiates any of its obligations under the plea agreement.  See, e.g., *United States v. Whitney*,
28   2012 WL 718483, **3 – 4 (9th Cir. March 7, 2012).

    US Memo Re 2nd Amended PSR
    CR 11-00009 JSW

1   information to a probation officer in respect to a presentence or other investigation for the court"
2   as an example of obstructing or impeding the administration of justice.  In this case, accurate
3   financial information is material.  It is significant to determining, among other things the
4   appropriateness of a fine and restitution.  Here, though the parties agreed that restitution would
5   be handled in the parallel civil case, under the plea agreement, "the Court is not bound by the
6   parties' understanding of restitution and the Court may order restitution."  Hence accurate
7   financial disclosures are material to sentencing.

8       The seconded amended PSR points to two incidents of inaccurate financial disclosures one
9   related to an eBay account, and the second related to an  interest in Sky Mountain Trust.[2]  In an
10  earlier filing, the United States discussed the eBay account.  Below is a discussion of the Sky
11  Mountain Trust.

12      The United States interviewed three parties related to the Sky Mountain Trust.  Attached as
13  Exhibit 1, are reports of these interviews.  These reports have been provided to the probation
14  officer and defense counsel.  The following is based on these witness interviews and a review of
15  the relevant paperwork.

16      As of December 23, 2006, Jasper Knabb's first wife, Tammy Knabb was the Grantor and
17  Trustee of the Tammy S. Knabb Family Trust.  The beneficiaries of this trust were Jasper Knabb,
18  Tammy Knabb, and their twin daughters.  The sole asset of this trust was a house at 8100 Sky
19  Mountain Lane, Anchorage, Alaska.

20      On February 6, 2008, the name of the Tammy S. Knabb Family Trust was changed to the Sky
21  Mountain Family Trust.

22      In approximately 2004, Jasper and Tammy Knabb divorced.  PSR ¶ 117.  On October 23,
23  2010, Jasper Knabb married Laura Valaas.  PSR ¶ 118.  Jasper Knabb and Laura Valaas have an
24  infant son.

25      Tammy Knabb is a relief defendant in *SEC v. Pegasus Wireless Corp. et al*
26  *09-CV-02302-JSW.*  On August 9, 2011, the Court ordered Tammy Knabb to pay approximately

27
28      [2]The Second Amended PSR also cites to Mr. Knabb's statements regarding his use of
    alcohol.  The United States has no further information on this issue.

US Memo Re 2nd Amended PSR
CR 11-00009 JSW

$9.2 million in disgorgement and prejudgement interest. (Doc. 124.) Tammy Knabb was further ordered not to "grant, sell, convey, or otherwise dispose, or mortgage or encumber in any way," the property at 8100 Sky Mountain Lane. *Id.* The Court's Order also stipulated that upon further motion by the Commission, the Court shall appoint a liquidation agent to dispose of the property. Finally, the Court ordered Tammy Knabb to convey her interest in 8100 Sky Mountain Lane to a liquidation agent to be appointed by the Court. To date, a liquidation agent has not been appointed.

In November 2011, Tammy Knabb contacted, a lawyer, Gene Lewis and asked him if she could be removed as the trustee of the Sky Mountain Trust. To get executed copies of the trust documents, Lewis contacted Jasper Knabb. On November 16 and 17, 2011, at Tammy's direction, Gene Lewis prepared documents that: (1) removed Tammy Knabb, Jasper Knabb and the two Knabb daughters as the beneficiaries of the trust, (2) appointed Kevin Dixon as the trustee, and (3) gave Kevin Dixon the right to appoint beneficiaries. The relevant parties executed these documents.

After Kevin Dixon became the trustee, Laura Valaas, contacted him about the trust and the property. They discussed securing a home equity loan to pay a tax debt on 8100 Sky Mountain Lane. Dixon refused to co-sign for a home equity loan. Around March 2012, Valaas asked Dixon to step down as trustee.

In approximately early March 2012, Valaas asked Glen Roberts to become the trustee of the Sky Mountain Trust. Roberts is a general contractor who owns a 35 percent stake in Laura Valaas's company Skadi Nordic.

In approximately early March 2012, Valaas contacted Lewis and told him that Dixon no longer wished to serve as trustee and a new person had agreed to take that role.[3]

On or about March 6, 2012, Lewis drafted documents that: (1) removed Kevin Dixon as the trustee, (2) made Glen Roberts the trustee, and (3) made TCFFBL Irrevocable Gift Tax Exclusion Trust the beneficiary. The relevant parties executed these documents. Apparently Jasper Knabb

---

[3]It is possible that Dixon contacted Lewis as well.

and Laura Valaas's infant son is the beneficiary of the TCFFBL Irrevocable Gift Tax Exclusion

Trust.

Until recently, the SEC was unaware of the changes to the Sky Mountain Family Trust.

DATED: May 31, 2012                         Respectfully submitted,

                                            MELINDA HAAG
                                            United States Attorney


                                                    s/
                                            _____
                                            JONATHAN SCHMIDT
                                            Assistant United States Attorney