UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 11-cr-00009-JSW-2 |
|---|---|
| Plaintiff, | **ORDER: (1) REDUCING SENTENCE PURSUANT TO UNDER SEAL ORDER GRANTING MOTION TO REDUCE AND AMENDING JUDGMENT; AND (2) DENYING MOTION FOR COMPASSIONATE RELEASE** |
| v. | |
| JASPER KNABB, | |
| Defendant. | |
| | Re: Dkt. Nos. 172-173, 176 |

This matter comes before the Court upon consideration of the parties' sealed sentencing memoranda following the Court's sealed Order granting the Government's motion to reduce Defendant Jasper Knabb's ("Knabb") sentence, in which the Court reserved ruling on the appropriate reduction. (*See* Dkt. No. 173.) This matter also comes before the Court upon Knabb's motion for compassionate release. The Court has considered the parties' sealed sentencing memoranda, the briefs and evidence submitted in connection with Knabb's motion for compassionate release, and the record in this case. The Court concludes no oral argument is required. For the reasons set forth in the remainder of this Order, the Court concludes the motion to reduce warrants a modest reduction of twelve (12) months, but it DENIES Knabb's motion for compassionate release and his requests for time-served sentences.

**BACKGROUND**

On January 10, 2011, the Government charged Mr. Knabb with one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. section 1349, one count of securities fraud, in violation of 18 U.S.C. section 1348, and one count of falsifying books, records, and accounts, in violation of 15 U.S.C. sections 78m(b)(2)(A), 78m(b)(5), and 78ff.

On July 28, 2011, Mr. Knabb entered a guilty plea to all three counts, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(B).  On June 7, 2012, after several continuances, the parties appeared before the Court for sentencing, and the Court sentenced Mr. Knabb to a term of 253 months imprisonment: 253 months on Counts 1 and 2; and 240 months on Count 3, with all terms to run concurrently.

On March 16, 2015, Mr. Knabb, acting *pro se,* moved to vacate his sentence pursuant to 28 U.S.C. section 2255.[1]  Counsel later entered an appearance, and the Court permitted counsel to file a supplemental brief on Knabb's behalf.  After supplemental briefing was complete, the Court denied Knabb's motion to vacate, but it granted a certificate of appealability.  (Dkt. No. 135.)  Knabb's appeal remains pending.

On July 16, 2019, the Government moved to reduce Mr. Knabb's sentence.  The Court granted that motion on June 29, 2020, setting forth its reasons in the under seal order described above.  The parties have submitting under seal sentencing memoranda, as directed by the Court's Order.

On August 3, 2020, Mr. Knabb moved for compassionate release under 28 U.S.C. section 3582(c).  Knabb argues that asthma, kidney stones, and allergies are serious medical conditions that, in combination with the current global health crisis caused by COVID-19, warrant a reduction in his sentence to time served.

**ANALYSIS**

**A.     The Court Reduces Mr. Knabb's Sentence by Twelve Months Based on the Government's Motion to Reduce.**

The Government urges the Court to reduce Mr. Knabb's current sentence by twelve (12) months, whereas Mr. Knabb argues a time-served sentence is warranted.  As the Court stated in its under seal Order with regard to the substance of the motion, the Court gave greater value to the

---

[1] Knabb's plea agreement contained a waiver of his right to file a motion pursuant Section 2255, except for claims that counsel was ineffective.  Knabb's *pro se* motion was not so limited.  Knabb also waived his right to bring a motion under Section 3582, but the Government has not asked the Court to enforce that waiver.  In light of the current global pandemic and the basis for the motion, neither will the Court.

2

Government's evaluation of the relevant circumstances. The Court will provide its analysis of the Section 3553(a) factors in connection with its analysis of those factors on Mr. Knabb's motion for compassionate release.

Accordingly, having considered the parties' arguments regarding the Government's motion to reduce, the positions set forth in their sentencing memoranda on that subject, the Court concludes a reduction of 12 months Counts 1 and 2 is warranted. Therefore, the Court reduces Mr. Knabb's term to a total of 252 months imprisonment on Counts 1 and 2. The Court shall not reduce the sentence on Count 3, and terms continue to run concurrently.

**B.     The Court Denies Knabb's Motion for Compassionate Release.**

Knabb moves to reduce his sentence based the Formerly Incarcerated Reenter Society Transformed Safely Transitioning Every Person Act of 2018 (the "First Step Act"), which amended portions of Section 3582. The relevant portion of those amendments provide that:

> The court may not modify a term of imprisonment once it has been imposed except that--
>
> (1) in any case--
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
>
> (i) extraordinary and compelling reasons warrant such a reduction;
> …
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

**1.     Knabb Has Satisfied Section 3582(c)'s Exhaustion Requirement.**

Knabb submitted a request to the warden of FCI Terre Haute, where is he is incarcerated, on May 8, 2020, asking that he to be released to home confinement, which was denied on May 21,

3

2020.  (Dkt. Nos. 176-5, 176-6, 176-7, Knabb Mot., Exs. E-G.)  The Government has not disputed jurisdiction, and the Court finds it has jurisdiction to consider Knabb's motion.  *See, e.g., United States v. Rodriguez*, 424 F. Supp. 3d 674, 680-81 (N.D. Cal. 2019).

Once a defendant has exhausted administrative remedies, a court may grant a motion for compassionate release if it finds the defendant is not a danger to society, that "extraordinary and compelling reasons warrant" a reduction, and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A)(i).  In order for a motion for compassionate release to be granted, a defendant bears the burden to show special circumstances meeting the bar set by Congress and the Sentencing Commission.  *See United States v. Greenhut*, No. 2:18-cr-00048-CAS-1, 2020 WL 509385, at *1 (C.D. Cal. Jan. 31, 2020) (citing *United States v. Sprague*, 135 F.3d 1301, 1306-07 (9th Cir. 1998)).

**2. Knabb Has Not Met His Burden to Show Extraordinary and Compelling Circumstances Exist.**

"Congress has not defined what constitutes 'extraordinary and compelling' other than that '[r]ehabilitation of the defendant alone'" will not meet the standard.  *Rodriguez*, 424 F. Supp. 3d at 681 (quoting 28 U.S.C. § 994(t)).  Section 994(t) directs that the Sentencing Commission, "in promulgating general policy statements" relating to Section 3582(c)(1)(A), "shall describe what should be considered extraordinary and compelling reasons."  The relevant Sentencing Commission policy statement is located at U.S.S.G. section 1B1.13, which sets out four "extraordinary and compelling reasons" that may warrant a sentence reduction.

Knabb relies primarily on the provision of the Policy Statement that provides extraordinary and compelling reasons may exist where a defendant is "suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."  U.S.S.G. § 1B1.13, app. note 1(A)(ii).[2]  In particular, Knabb argues that he suffers from

---

[2] Knabb also cites the catch-all provision set forth in U.S.S.G. section 1B1.13, application note 1(D).  For the reasons set forth in this Order, the Court also concludes relief is not warranted under that section.

4

asthma, kidney stones, and allergies that, taken alone or in combination, when combined with the fact that he is incarcerated increase the risk that he would become seriously ill if he contracts COVID-19. According to the Centers for Disease Control and Prevention ("CDC"), individuals of any age who suffer from chronic kidney disease "are at increased risk of severe illness from COVID-19" and individuals of any age who suffer from moderate to severe asthma "might be at an increased risk for severe illness from COVID-19."[3]

Courts within this district have granted motions for compassionate release to defendants who suffered from asthma. *See, e.g., United States v. Lee*, No. 445 F. Supp. 3d 272 (N.D. Cal. 2020); *United States v. Burrill*, No. 445 F. Supp. 3d 22 (N.D. Cal. 2020). The defendant in *Burrill* was 75-year-old and, in addition to asthma, suffered from high blood pressure, high cholesterol, diabetes, diverticulosis, blood clots, hearing loss, glaucoma, cataracts, and lower back nerve pain. *Burrill*, 445 F. Supp. 3d at 23, 26-27. In *Lee*, the court concluded the record supported a showing of severe to moderate asthma, where the defendant's wife of 25 years attested that as long as she had known him, he had used an inhaler to control his asthma. The record also showed the defendant was originally prescribed an inhaler but that was told later he did not need it. The defendant also attested that he "suffer[ed] breathing problems, shortness of breath and airway obstruction almost every night." *Lee*, 445 F. Supp. 3d at 273-74.

Here, Knabb reported to the Bureau of Prisons that he has suffered from asthma since childhood. (*See* Dkt. No. 190, Declaration of Robert Leach ("Leach Decl."), ¶ 2; Dkt. No. 193, Leach Decl. Exhibits, Ex. C (Knabb Medical Records at C-1).) However, Knabb did not report that condition in connection with preparation of the Presentence Investigation Report ("PSR") at the time he was sentenced. (Leach Decl., ¶ 3, Ex. D (PSR, ¶¶ 122-123).) Knabb also did not report asthma as a medical condition when he was received at FCI Terre Haute. The records Knabb submits also suggest that his recent reports of asthma are not chronic, and they also suggest that he has no medications for chronic conditions. (*See, e.g.,* Dkt. No. 184, Knabb Mot., Ex. A

---

[3] *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last visited Sept. 18, 2020).

5

1  (Knabb Medical Records at A-2, A-15, A-152, A-242-43.)

2      Knabb also argues that the medical records show that he has had kidney stones in the past.
3  The records do support such a diagnosis, but they also suggest this condition is under control.
4  Moreover, Knabb has not put forth evidence that kidney stones fall within the scope of the CDC's
5  reference to "chronic kidney disease." *See also United States v. Lugo,* No. 19-cr-00256-JAW,
6  2020 WL 3000204, at *8 (D. Me. June 4, 2020) (denying motion for compassionate release where
7  defendant presented no "evidence linking the presence of kidney stones to an increased risk of
8  significant consequences from COVID-19"); *United Sates v. Herrera,* No. 18-cr-13 (NRB), 2020
9  WL 2571052, at *1 (S.D.N.Y. May 21, 2020) (denying motion for compassionate release, in part
10 because defendant had not known kidney stones were medical condition that the CDC identified
11 as a risk factor). Knabb argues that he has allergies, but he points the Court to no evidence that
12 allergies are the type of condition that would place him at increased risk of serious illness were he
13 to contract COVID-19. Knabb also fails to show that these conditions combined place him at a
14 greater risk relating to COVID-19 than other individuals. Finally, the Court notes that Knabb
15 recently refused to take a test to see if he had COVID-19, the very disease he argues he is so
16 concerned about contracting, and the Court does not find persuasive counsel's arguments on reply
17 that this was based on a misunderstanding that he would be released in August.

18     At the time the parties filed their briefs, there were few, if any, inmates or staff that had
19 tested positive for COVID-19 at FCI Terre Haute. The BOP now reports that FCI Terre Haute has
20 44 inmates that are positive for COVID-19, that 1 staff member has tested positive, that there has
21 been 1 inmate death, and that 69 inmates and 7 staff have recovered. (www.bop.gov/coronavirus,
22 last visited Sept. 20, 2020). However, when Court considers all of Knabb's medical conditions
23 together and takes into consideration the reported cases of COVID-19 at FCI Terre Haute, the
24 Court concludes Knabb has not met his burden to show he currently suffers from "a serious
25 physical or medical condition … that substantially diminishes the ability of the defendant to
26 provide self-care within the environment of a correctional facility and from which he or she is not
27 expected to recover." U.S.S.G. § 1B1.13, app. note 1(A)(ii). Rather, the Court concludes the
28 record supports no more than a finding of "[g]eneral concerns about possible exposure to COVID-

6

19," which does "not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release." *United States v. Eberhart*, No. 13-cr-00313-PJH, -- F. Supp. 3d --, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020.)

### 3. Knabb Has Not Met His Burden to Show He is Not A Danger or that the Section 3553(a) Factors Weigh in Favor of a Further Reduction.

A defendant seeking compassionate release under Section 3582 must also demonstrate that he "is not a danger to the safety of any other person or to the community as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). With respect to dangerousness, the Court should consider: (1) the nature and circumstances of the offenses charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including character, physical and mental condition, past conduct, criminal history, and drug and alcohol abuse; and (4) the nature and seriousness of the danger to any person or the community that release would impose. 18 U.S.C. § 3142(g).

The Court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable in determining whether compassionate release is warranted. 18 U.S.C. § 3582(c)(1)(A)(i). The Court concludes the following factors are most relevant to Knabb's request and weigh against granting his motion: "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; and (2) the need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant," and the need to provide restitution. 18 U.S.C. § 3553(a).

Even if Knabb had established that his medical conditions combined with the risk of contracting COVID-19 in his custodial setting qualified as extraordinary and compelling reasons, the Court would still deny the motion because it cannot conclude he is not a danger to the community or that the 3553(a) factors cited warrant a reduction beyond the twelve months the Court already has granted him. Knabb currently is housed at a low security facility and has

1    demonstrated good behavior during his incarceration.  However, although they were not violent,

2    the underlying crimes were extremely serious.  Knabb did admit to them early, but in his original

3    motion to vacate he asserted that the plea colloquy was defective and allowed "the factually and

4    actually innocent defendant to convict himself by pleading [g]uilty to conduct that was not

5    prohibited by law" and asserted a claim for actual innocence.  The memorandum in support of that

6    motion is rife with arguments that discount any responsibility for the crimes he committed.  (Dkt.

7    No., 90, Motion to Vacate at 6-7; *see generally* Dkt. No. 90-1, Memo. of Law.)  Although counsel

8    later withdrew those claims, they are reflective of the section in the PSR that addresses Knabb's

9    acceptance of responsibility.  There, Knabb stated he felt remorseful and took the wrong course of

10   action, and the Court did award him a three point adjustment for acceptance of responsibility.

11   However, the rest of that statement places responsibility on others and focuses more on the harm

12   he has suffered than on the harm he has imposed on others.  (Leach Decl., ¶ 3, Ex. D, PSR at ¶ 39;

13   *see also* Dkt. No. 77, Sentencing Transcript at 110:5-13.)

14        The Victim Impact Statements that were submitted at the time of his sentencing

15   demonstrated the severe harm Knabb's conduct inflicted on his victims.  (Sentencing Transcript at

16   111:12-112:25.)  The Court also has received and considered the statements from victims

17   submitted in connection with the motion to reduce that demonstrate the continued harm Knabb's

18   victims continue to suffer as a result of his crimes.

19        The Court's view of the Section 3553(a) factors set forth on the record at the time it

20   sentenced Knabb, remain largely unchanged, including the statement that Knabb's "instinct is

21   always to hide, to sneak, to cheat, to manipulate others" and that the above-Guidelines sentence

22   was necessary to promote respect for the law.  (Sentencing Transcript at 113:10-114:14.)  At this

23   time, Knabb has served less than half his sentence, and to reduce his sentence to time served

24   would not serve to further that 3553(a) factor.  The Court concludes that, taking these factors and

25   its prior comments into consideration, the conduct that underlies the Government's motion to

26   reduce warrants the modest reduction set forth in this Order but no more than that.

27        Knabb was not ordered to pay restitution in this case, but he is subject to an order in the

28   related civil case that requires him to disgorge his ill-gotten gains.  *SEC v. Knabb*, 09-cv-2302-

United States District Court
Northern District of California

JSW, Dkt. Nos. 65, 142-143.  The Court also has taken into consideration that, since the Court sentenced Knabb on these charges, he has paid no more than lip service to the idea that he may one day compensate his victims.

Accordingly, the Court concludes that Knabb has not demonstrated he would not be a danger to the community if he was release or that the Section 3553(a) factors weigh in favor of a reduction beyond the twelve-months the Court granted in connection with the Government's motion.

## CONCLUSION

For the foregoing reasons, the Court reduces the sentence imposed on June 7, 2012 by twelve (12) months based on the Government's motion to reduce and by this Order amends the judgment on Counts 1 and 2 accordingly.  All other terms of the Judgment imposed on June 7, 2012 remain in full force and effect.  The Court DENIES Knabb's motion for compassionate release and concludes that no further reduction is warranted.

**IT IS SO ORDERED.**

Dated: September 21, 2020

JEFFREY S. WHITE
United States District Judge